UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST JOSEPH MEDICAL CLINIC AMC | CIVIL ACTION |
| VERSUS | NO. 22-4521 |
| BANKERS INSURANCE CO. | SECTION: "G"(2) |

## ORDER

This litigation arises out of Plaintiff St. Joseph Medical Clinic AMC's ("Plaintiff") claim for damages sustained to its property during Hurricane Ida. Before the Court is Plaintiff's "Motion to Dismiss under Rule 12(b)(6)."[1] In the instant motion, Defendant moves the Court to dismiss Plaintiff's claims for bad faith and fraud pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively order Plaintiff to provide a more definite statement.[2] In response, Plaintiff states that it does not bring a claim for fraud in the Complaint, but only brings causes of action for breach of contract and bad faith.[3] Accordingly, the motion is moot to the extent Defendant seeks dismissal of Plaintiff's fraud claim.

However, Plaintiff does bring statutory bad faith insurance claims pursuant to Louisiana Revised Statute §§ 22:1892 and 22:1973. Defendant argues that Plaintiff fails to allege bad faith with particularity as required by Federal Rule of Civil Procedure 9(b).[4] Pursuant to Rule 9(b), "[i]n

---

[1] Rec. Doc. 6.

[2] *See* Rec. Doc. 6 at 1. Although Plaintiff alternatively moves for a more definite statement under Rule 12(b)(6), the Court construes this request as a 12(e) motion for a more definite statement; *see also* 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.) ("A number of federal courts sometimes have found it necessary to convert erroneously made Rule 12(b)(6) motions into Rule 12(e) motions.").

[3] Rec. Doc. 9 at 4.

[4] Rec. Doc. 6-2 at 4–5.

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a persons' mind may be alleged generally."[5] Defendant confuses an allegation of fraud with an allegation of bad faith. Plaintiff does not bring a claim for fraud or mistake, and thus need not state with particularity the circumstances constituting its claims. Accordingly, Defendant's motion is denied to the extent it seeks dismissal of Plaintiff's bad faith claims.

Finally, Defendant also asks that the Court order Plaintiff to provide a more definite statement. Federal Rule of Civil Procedure 12(e) entitles a party to a more definite statement when a portion of a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[6] The motion must state the defects in the pleading and the details desired.[7] Defendant does not argue that the Complaint is ambiguous beyond the issues already addressed. Thus, Defendant's motion for a more definite statement is denied.[8] Further, the Court finds that the Complaint is not so vague or ambiguous that Defendant cannot frame a responsive pleading. Accordingly,

---

[5] Fed. R. Civ. P. 9(b).

[6] Fed. R. Civ. P. 12(e). *See Cole v. JEBF Holdings, LLC*, No. 14-0298, 2014 WL 6327088, at *2 (E.D. La. Nov. 13, 2014) (Brown, J.).

[7] *See* Fed. R. Civ. P. 12(e).

[8] To the extent that Defendant asks the Court to strike paragraphs from the Complaint, a motion pursuant Federal Rule of Civil Procedure 12(b)(6) or 12(e) is not the appropriate method for requesting such relief.

**IT IS HEREBY ORDERED** that Defendant's Motion[9] is **MOOT IN PART** and **DENIED IN PART**. The motion is **MOOT** to the extent it seeks dismissal of a fraud claim, as Plaintiff makes clear that it is not bringing a fraud claim. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA**, this  2nd   day of February, 2023.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[9] Rec. Doc. 6.