UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ST. JOSEPH MEDICAL CLINIC AMC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4521 |
| BANKERS INSURANCE COMPANY | * | SECTION "P" (2) |

**ORDER AND REASONS**

Before me is Plaintiff St. Joseph Medical Clinic AMC's Motion to Compel Disclosure Documents and for Sanctions. ECF No. 15. Defendant Bankers Insurance Company filed an Opposition Memorandum out of time. ECF No. 23. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion is DENIED WITHOUT PREJUDICE for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff St. Joseph Medical Clinic AMC contracted with Bankers Insurance Company for certain perils, including hurricanes. ECF No. 1 ¶ 6. After Hurricane Ida, the parties disputed the scope of repairs and estimates of damage to Plaintiff's property, and Bankers invoked the insurance policy's appraisal provision. *Id.* ¶ 18. The parties named their appraisers, who issued an appraisal award on September 12, 2022, after which Bankers allegedly paid the appraisal award amounts. *Id.* ¶¶ 18-20; ECF Nos. 13-4, 13-5. Plaintiff then filed suit against Bankers seeking to recover for Hurricane Ida losses as well as extra-contractual damages and attorneys' fees on November 15, 2022. ECF No. 1. Bankers filed a Motion to Confirm Appraisal Award, asking that all damages in this matter be set at the appraisal award amount. ECF No. 13 at 1, 3. Plaintiff made no challenge to the appraisal award for certain coverages, but challenged Banker's deductions from the building

1

award as well as its efforts to preclude additional awards for statutory penalties and business income loss as same are expressly excluded from the appraisal award. ECF No. 14 at 4-5, 7-8.

On June 7, 2023, the undersigned denied Bankers' motion to confirm appraisal award in light of Bankers' indication that the appraisal erroneously contained certain charges for extra expenses and remanded the matter to the appraisal panel for clarification and correction, if necessary, with regard to the awards vis-à-vis extra expenses. ECF No. 21. The court also concluded that the appraisal award would not bar Plaintiff from continued pursuit of its claims for bad faith given the allegations asserted therein. *Id*. at 6.

Before the court denied Bankers' appraisal award motion, Plaintiff filed a Motion to Compel Disclosure Documents and for Sanctions seeking production of certain documents "ordered to be produced by this Court's Hurricane Case Management Order No. 1," including the complete and unaltered claims file and notes, Bankers' guidelines and materials, forensic accounting findings, and "all communications" between Bankers and Forensic Accounting. ECF Nos. 15 at 1-2, 15-1 at 3. Plaintiff asserts that Defendant continues to withhold certain documents despite the expiration of the extension of time to produce same agreed upon in the parties' Rule 37 conference. ECF No. 15-1 at 3-4. Plaintiff thus requests attorneys' fees and costs and asks the court to sanction defense counsel "in any way it deems appropriate" under FED. R. CIV. P. 37. *Id*. at 7-9.

In Opposition, Bankers asserts that it has now produced redacted claim file notes with a privilege log reflecting which portions of the notes have been redacted on the basis of attorney-client privilege or work product protection, the entire underwriting file, several guidelines and manuals, and photos. ECF No. 23 at 2-3. Bankers also indicates that the Assurance Forensic Accounting ("AFA") report Plaintiff seeks to compel does not exist because Plaintiff never

provided AFA with the information necessary to generate same despite several requests. *Id*. at 3. Bankers also argues that sanctions are not warranted as it has complied with this Court's CMO by timely transmitting initial disclosures with a privilege log, as permitted by the Order.

## II.   ANALYSIS AND CONCLUSION

Bankers represents that most of the outstanding documents identified by Plaintiff have now been produced. ECF No. 23 at 2-3. Plaintiff has failed to address Bankers' arguments, supplemental production, or privilege log in a reply memorandum. In light of that failure and my prior remand of this matter to the appraisal panel for clarification and/or correction of appraisal award, which may obviate the need for further discovery on certain elements, a ruling on the parties' remaining discovery disputes is premature at this time. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel and for Sanctions (ECF No. 15) is DENIED WITHOUT PREJUDICE to its right to re-file same after the parties obtain an accurate appraisal award and move for confirmation of same.

New Orleans, Louisiana, this ___26th___ day of June, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE