UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ST. JOSEPH MEDICAL CLINIC AMC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4521 |
| BANKERS INSURANCE COMPANY | * | SECTION "P" (2) |

**ORDER AND REASONS**

Before me is Plaintiff St. Joseph Medical Clinic AMC's Motion for Leave to Supplement and Amend Original Complaint. ECF No. 30. Defendant Bankers Insurance Company timely filed an Opposition Memorandum. ECF No. 43. The parties filed additional Memoranda. ECF Nos. 50, 55, 57. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, St. Joseph Medical Clinic AMC's Motion for Leave to Supplement and Amend Original Complaint is GRANTED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff St. Joseph Medical Clinic AMC filed this Hurricane Ida suit on November 15, 2022, against Defendant Bankers Insurance Company in accordance with 28 U.S.C. § 1332 alleging breach of contract and bad faith adjustment and seeking contractual and extra-contractual damages. ECF No. 1. After a portion of the parties' dispute went to appraisal, the court remanded the matter to the appraisal panel for clarification. ECF No. 21, No. 13-4. Pursuant to the Court's Case Management Order governing Hurricane Ida claims, as amended, the case was returned to the court's docket on August 22, 2023. ECF No. 26.

Plaintiff now seeks leave to file an amended complaint to clarify allegations regarding its citizenship and to add a new claim for business interruption losses. ECF No. 30-1. Defendant

1

Bankers Insurance Company argues that the proposed amendment should be denied on the basis of futility because Plaintiff admitted in its disclosures that business income loss has been paid. ECF No. 43 at 2-3. It argues that, had Plaintiff sought to amend to add a claim for extended expenses, that claim would not be futile. *Id*. at 3. In a filing styled Sur-Reply, Bankers also argues that Plaintiff should not be allowed to change its corporate designation from a limited liability company to a corporate because that is not a clarification but a substitution of a new party whose claim has prescribed and does not relate back. ECF No. 50 at 2-3.

In Reply, Plaintiff argues that Defendant's position in its first Opposition would be appropriate for summary judgment, not Rule 12(b)(6), and none of the recognized bases for denial of leave to amend apply here. ECF No. 55 at 3-4. In response to the Sur-Reply, Plaintiff argues that its request to amend is timely because no scheduling order has yet been issued. ECF No. 57 at 1. It also argues that Bankers mischaracterizes Plaintiff's amendment because it does not seek to add a new and separate entity to the suit. Rather, it simply seeks to correct the typographical error previously describing itself as a limited liability company instead of a medical corporation, which clerical error Defendant previously agreed could be corrected through an amendment. *Id*. at 3.

## II. APPLICABLE LAW AND ANALYSIS

Plaintiff's request to amend is governed by Rule 15(a)(2), which provides that a party may amend its pleading only with either the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires.[1] This inquiry requires the court to balance

---

[1] FED. R. CIV. P. 15(a)(2). When a party seeks leave to amend after the established deadline, the motion is governed by the more stringent good cause requirements of FED. R. CIV. P. 16(b) before addressing the matter under Rule 15(a)'s more generous standard. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[2]  Although leave to amend is not automatic,[3] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[4]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[5]  Denial of leave to amend is reviewed for abuse of discretion,[6] but absent a "substantial reason," the court's discretion "'is not broad enough to permit denial'" of a request for leave to amend.[7]  A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility."[8]

Defendant does not argue undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments or undue prejudice.  Rather, it opposes the motion on the basis of futility, arguing that (1) the business interruption claim is futile because Plaintiff admitted in its disclosures that Defendant paid same; and (2) the new claim is untimely and does not relate back to the filing of the original complaint.  ECF Nos. 43, 50.

---

[2] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).
[3] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); accord *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)).
[5] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); see also *U.S. ex rel. Spicer* 751 F.3d at 367 (citation omitted); see also *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).
[6] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."  *Mayeaux,* 376 F.3d at 425 (5th Cir. 2004) (quoting *Stripling*, 234 F.3d at 872).
[7] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[8] *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

A. <u>**Futility**</u>

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[9] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[11] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[12]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[13]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[14]

---

[9] *Marucci Sports,* 751 F.3d at 378 (citing *Stripling,* 234 F.3d at 873).
[10] *Twombly*, 550 U.S. at 555.
[11] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[12] *Iqbal,* 556 U.S. at 678 (citation omitted).
[13] *Id.,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[14] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may

4

### 1. Futility - Payment

In ruling on a Rule 12(b)(6) motion, the court may consider not only the allegations in the Complaint, but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[15] In addition, the court may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[16]

Defendant argues that, despite Plaintiff's assertion that business interruption losses are owed, none are owed because same have already been paid. When conducting the Rule 12(b)(6) analysis, however, the Court must accept the allegations of Plaintiff's complaint as true. Defendant's factual assertion of payment based on admissions in initial disclosures is not properly considered during the Rule 12 analysis.

Defendant's argument that Plaintiff's business interruption claim is barred by Plaintiff's admission of payment must be addressed on summary judgment.

---

consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

[15] *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[16] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).

2. **Futility – Time-Barred**

If the proposed amendment asserts a time-barred claim, the amendment is futile unless it relates back to the original filing under Rule 15(c).[17] "If a claim asserted in an amended pleading relates back to the date of the original complaint and is thus not barred by limitations, then leave to amend should ordinarily be granted."[18] Whether an amended complaint relates back to the filing of the original complaint for statute of limitation purposes is governed by Rule 15(c) of the Federal Rules of Civil Procedure. The purpose of Rule 15(c) is to balance the interests of the defendant protected by the statute of limitations with the preference for resolving disputes on their merits.[19] Plaintiff has the burden to demonstrate that an amended complaint relates back under Rule 15(c).[20]

Contrary to Defendant's argument, Plaintiff does not seek to substitute a new, different plaintiff; rather it simply seeks to correct a mistake in describing its corporate status. In the Complaint, the caption identifies plaintiff as "St. Joseph Medical Clinic AMC." ECF No. 1. Likewise, the first paragraph of the Complaint identifies Plaintiff as "St. Joseph Medical Clinic, AMC, a Louisiana Liability Company authorized to do and doing business in the State of Louisiana and the Parish of St. James." *Id*. at ¶ I(1).

Sua sponte, by order dated January 23, 2023, the Court ordered the parties to brief the citizenship issue because plaintiff alleged it was a limited liability company but failed to set forth

---

[17] *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).
[18] *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).
[19] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (citations omitted).
[20] *See Dodson v. Hillcrest Sec. Corp.*, Nos. 92–2353, 92–2381, 1996 WL 459770, at *10 (5th Cir. July 24, 1996) (citing *Crescent Towing & Salvage Co., Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994) (party who has burden of proof on affirmative defense at trial has burden of proof on summary judgment); *cf. McGregor v. Louisiana State Univ. Bd. of Supervs.*, 3 F.3d 850, 865 (5th Cir. 1993) (plaintiff had burden of proof on summary judgment to present facts supporting equitable estoppel of defendants' statute of limitations defense), *cert. denied*, 114 S.Ct. 1103 (1994), *superseded by statute on other grounds as stated in Wilson v. Navika Capital Grp., L.L.C.*, 663 F App'x 341 (5th Cir. 2016).

the citizenship of each member of the limited liability company. ECF No. 10. During that process, Plaintiff provided an excerpt from the Louisiana Secretary of State website identifying itself as "St. Joseph Medical Clinic, A Medical Corporation." ECF No. 11 at 1. At that time, it confirmed that the complaint improperly indicated it was a limited liability company, when in fact, it is a corporation, and that it would seek leave to correct that mistake. *Id*. at 2.

The proposed amendment seeks to correct this earlier identified mistake to make clear that Plaintiff is a corporation, not a limited liability company. This correction is not a change or substitution of new, different parties. The same entity "St. Joseph Medical Clinic, A Medical Corporation" remains the plaintiff. Accordingly, there is no need to delve into Rule 15(c)'s parameters for relation back of amendments adding new parties.

Plaintiff does, however, seek to add a new claim. Specifically, Plaintiff seeks to add a claim for business interruption losses. Relation back is allowed to "correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint."[21] "'The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by the statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings.'"[22]

Rule 15(c)(1)(B) provides that an amendment relates back to the original pleading when it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading. FED. R. CIV. P. 15(c). Because Plaintiff's

---

[21] *Flores v. Cameron Cnty.*, 92 F.3d 258, 273 (5th Cir. 1996) (quoting *Conner*, 20 F.3d at 1386).
[22] *Id*. at 272-73 (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-67 (5th Cir. 1994)) (alteration omitted); *see also Conner*, 20 F.3d at 1385 ("Permitting such an augmentation or rectification of claims that have been asserted before the limitations period has run does not offend the purpose of a statute of limitations, which is simply to prevent the assertion of stale claims.").

business interruption claim arises from the same hurricane under the same insurance policy, that claim will relate back to the filing of the original complaint.

### III.    CONCLUSION

Considering the relevant Rule 15(a) factors and the relation back provisions of Rule 15(c), this Court cannot find that there is a "substantial reason" to deny Plaintiff's request for leave to Supplement and Amend its Original Complaint. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave to Supplement and Amend its Original Complaint (ECF No. 30) is GRANTED.

New Orleans, Louisiana, this __10th__ day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE