UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. JOSEPH MEDICAL CLINIC AMC | CIVIL ACTION |
| VERSUS | NO. 22-4521 |
| BANKERS INSURANCE COMPANY | SECTION: "P" (3) |

### ORDER AND REASONS

Before the Court is Defendant Bankers Insurance Company's Motion to Extend Defendant's Expert Deadline.[1] Plaintiff, St. Joseph Medical Clinic AMC, opposes the motion.[2] For the following reasons, Defendant's motion is DENIED.

Pursuant to the Court's November 6, 2023 Scheduling Order entered in this action, the deadline for Defendant's expert reports and disclosures is, and has been, June 24, 2024.[3] On June 13, 2024—eleven days before its deadline—Defendant filed the instant motion to extend its expert deadline.[4] Defendant asserts an extension is necessary because Defendant previously filed a Motion to Vacate Appraisal Award on May 7, 2024, which came under submission with the Court on May 29, 2024, and at the time Defendant filed the instant motion, the motion to vacate was still pending.[5] According to Defendant, the Court's decision on the motion to vacate will determine what experts Defendant will need to engage for its defense in this matter; thus, Defendant seeks a 60-day extension of its expert deadline

---

[1] R. Doc. 79.
[2] R. Doc. 86.
[3] R. Doc. 68.
[4] R. Doc. 79.
[5] R. Doc. 79-1. The Order and Reasons denying the motion to vacate appraisal award was issued on June 17, 2024. *See* R. Doc. 85.

"to allow sufficient time to retain the needed experts and produce their reports after the Court's decision on Defendant's Motion to Vacate Appraisal Award."[6]

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent."[7] The November 6, 2023 Scheduling Order likewise states the deadlines fixed therein "may only be extended by the Court . . . upon a showing of good cause."[8]  Defendant has failed to make such a showing.

Even assuming it is true that Defendant could not determine what experts it would need until the Court ruled on its Motion to Vacate Appraisal Award, this is a fact Defendant would have been aware of since the Amended Appraisal Award was issued in January of this year.[9]  Yet Defendant waited until May 7, 2024, to file its Motion to Vacate Appraisal Award.  It is unclear to the Court how Defendant's need for a continuance of its expert report deadline is anything but a consequence of its own actions.

Additionally, Defendant's motion fails to address the impact of a continuance of its expert report deadline on the remaining deadlines in the scheduling order and the resulting prejudicial effect on Plaintiff either by continuing only Defendant's expert report deadline or by continuing all other deadlines and causing further delay in this action.  Lastly, while Defendant may desire additional time before its expert reports are due, Defendant concedes its ability to meet its current deadline by asking that a decision on the instant motion be

---

[6] R. Doc. 79-1
[7] Fed. R. Civ. P. 16(b)(4).
[8] R. Doc. 68 at 3.
[9] *See* R. Doc. 72–9 (Amended Appraisal Award); R. Doc. 72-1 at 4 (conceding the Amended Appraisal Award was issued on or around January 25, 2024).

rendered by June 18, 2024, to provide Defendant "with enough time to produce its expert reports prior to the deadline if its motion is denied."[10]  For all these reasons, Defendant has failed to make the requisite showing to support a continuance.  Accordingly,

    **IT IS ORDERED** that Defendant Bankers Insurance Company's Motion to Extend Defendant's Expert Deadline (R. Doc. 79) is **DENIED**.

    New Orleans, Louisiana, this 18th day of June 2024.

                                            **DARREL JAMES PAPILLION**
                                          **UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. 80-1.